Michael T. STUDER, Petitioner,

v.

SECURITIES AND EXCHANGE COMMISSION, Respondent.

No. 04–6646–ag.

United States Court of Appeals,
Second Circuit.

Jan. 15, 2008.

**1.** Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for for- mer Attorney General Alberto R. Gonzales as a respondent in this case.

Michael T. Studer, Freeport, N.Y., pro se.

Christopher Paik, Special Counsel (Brian G. Cartwright, General Counsel, Securities and Exchange Commission, Andrew N. Vollmer, Deputy General Counsel, Jacob H. Stillman, Solicitor, on the brief), Washington, D.C., for Respondent.

PRESENT: Hon. CHESTER J. STRAUB, Hon. RICHARD C. WESLEY and Hon. DEBRA ANN LIVINGSTON, Circuit Judges.

### SUMMARY ORDER

Petitioner Michael T. Studer, *pro se*, seeks review of the November 30, 2004, order of the Securities and Exchange Commission ("SEC") imposing sanctions on Studer and barring him from associating with members of the National Association of Securities Dealers ("NASD").[1] We assume the parties' familiarity with the underlying facts and procedural history of the case.

Our review of an SEC order is governed by the Administrative Procedure Act, 5 U.S.C. § 701, *et seq. See MFS Sec. Corp. v. SEC*, 380 F.3d 611, 617 (2d Cir.2004). This Court must affirm if the SEC's findings of facts are supported by substantial evidence. *See id.* (citing *Valicenti Advisory Servs., Inc. v. SEC*, 198 F.3d 62, 64 (2d Cir.1999)). "[A] reviewing court shall 'hold unlawful and set aside agency action, findings, and conclusions found to be ... arbitrary, capricious, an abuse of discretion, or

otherwise not in accordance with law.' " *Id.* (quoting 5 U.S.C. § 706(2)) (ellipsis in original).

Studer's argument that the SEC erred when it found he improperly induced a customer to sign margin guarantees, thus allowing for increased trading in the customer account, is unavailing. The SEC considered this issue on a motion to reconsider from Studer and explained that it did not view the opinion as having found that Studer engaged in the guarantee violations. It nonetheless clarified its opinion in that regard. In the modification, the SEC made clear that Studer was liable only for a failure to supervise trading in the client account. The agency's final decision restated the NASD's factual findings and sanctions, and penalized Studer only for the conduct for which he was found guilty. Therefore, the decision was not "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." *See* 5 U.S.C. § 706(2)(A).

Studer's claim that he was penalized for "churning" the customer account[2] is also without merit. The agency's final decision stated only that Studer's actions "constitute[d] a failure to supervise," and did not hold him liable for churning violations. To the extent that Studer argues that his punishment was excessive, the SEC was acting within its statutory authority to review the NASD sanctions to determine if the penalties were "excessive or oppressive." 15 U.S.C. § 78s(e)(2). Given Studer's actions in failing to supervise the trading in the client account, as well as his previous violations of NASD rules—none of which he disputes—it cannot be said

---

1. The NASD is now known as the Financial Industry Regulatory Authority, Inc. *See* 72 Fed.Reg. 42190 (Aug. 1, 2007).

2. Churning "occurs when a securities broker enters into transactions and manages a

client's account for the purpose of generating commissions and in disregard of his client's interests." *In re Donald A. Roche*, 53 S.E.C. 16 (Jun. 17, 1997).

that the SEC's actions were "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A). *See also Markowski v. SEC,* 34 F.3d 99, 105 (2d Cir.1994) (stating that this Court "will not overturn the setting of sanctions by an administrative body unless the sanctions are 'unwarranted in law ... or without justification in fact' ") (quoting *Butz v. Glover Livestock Comm'n Co., Inc.,* 411 U.S. 182, 185–86, 93 S.Ct. 1455, 36 L.Ed.2d 142 (1973)) (ellipses in original).

For the foregoing reasons, the petition for review is DENIED.